UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT BOONE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FCA US LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-01591-JD<br><br>**ORDER RE REMAND**<br><br>Re: Dkt. No. 17 |

In July 2020, plaintiffs Emmett and Nel Boone filed a lawsuit in the Los Angeles Superior Court alleging that they bought a defective Jeep Grand Cherokee manufactured by defendant FCA US, LLC (FCA), and that FCA failed to repair it within a reasonable number of attempts, or buy it back after being made aware of the defects. Dkt. No. 1-2 (Compl.). The Boones allege California state law claims under the Song-Beverly Consumer Warranty Act, and for fraudulent inducement. *Id.*

The Boones say they are residents of California and that FCA is a Delaware corporation. The state court complaint initially included Hilltop Chrysler Jeep Dodge Ram (Hilltop), which is a California corporation. The Boones dismissed Hilltop as a defendant in February 2021, and FCA removed to this Court on diversity grounds in March 2021. Dkt. Nos. 1 (Notice of Removal), 1-3 (Request for Dismissal). The Boones ask to remand the case to state court. Dkt. No. 17. The parties' familiarity with record is assumed. A remand is denied.

The Court has written extensively on the standards governing removal, and that discussion is incorporated here. *See California v. AbbVie, Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019); *Wondeh v. Change Healthcare Prac. Mgmt. Sols., Inc.*, No. 19-CV-07824-JD, 2020 WL 5630268, at *1 (N.D. Cal. Sept. 21, 2020).

The Boones do not contest the timeliness of the removal notice based on the change in the lineup of defendants in February 2021, and FCA filed the notice of removal within 30 days of the dismissal of Hilltop, the non-diverse defendant. This was timely under the removal statute. *See* 28 U.S.C. § 1446(b)(3) (when "the case stated by the initial pleading is not removable," a defendant has thirty days to file a notice of removal after receiving a "paper from which it may first be ascertained that the case is one which is or has become removable.").

The main dispute is whether the Boones alleged in the complaint an amount in controversy that satisfies the minimum threshold of $75,000 for diversity jurisdiction. 28 U.S.C. § 1332(a). They did. The complaint expressly states that they paid $54,185.76 for a Jeep that is said to have been defective, and that the Boones seek to recover "the entire contract price." Dkt. No. 1-2 ¶¶ 9, 133. The complaint also seeks civil penalties in the amount of two times actual damages under Cal. Civ. Code § 1794(c). Dkt. No. 1-2 ¶¶ 9, 128, 133. Consequently, the amount at stake in this case is approximately $162,555, which is comfortably above the diversity requirement. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (amount in controversy includes all remedies provided by law, "whatever the likelihood that [plaintiffs] will actually recover them").

The complaint also asks for an award of attorney's fees under Cal. Civ. Code § 1794(d), Dkt. No. 1-2, Prayer ¶ (e), which contemplates fees for prevailing plaintiffs. *See Gonzalez v. CarMax Auto Superstores, LLC.*, 840 F.3d 644, 648-49 (9th Cir. 2016) (amount in controversy includes attorney's fees and costs available under a statute). Estimating a fee award of 25% of plaintiffs' recovery is reasonable in determining the amount in controversy, *see Anderson v. Starbucks Corp.*, Case No. 20-cv-01178 JD, 2020 WL 7779015, at *4 (N.D. Cal. Dec. 31, 2020), which in this case would add approximately $40,000 more to the jurisdictional pot.

The Boones say that none of this money is guaranteed to reach their pockets, which is true, but "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original). The Boones have not shown to a legal certainty that they will recover less than the

2

$75,000 threshold amount. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

The Boones' suggestion that the complaint does not adequately allege that they are California citizens for diversity purposes is unpersuasive. Although residency and domicile for citizenship are not, strictly speaking, always the same, *see Duran v. Allegis Glob. Sols., Inc*., No. 20-CV-09025-JD, 2021 WL 3281073, at *1 (N.D. Cal. Aug. 2, 2021), the complaint says that the Boones are "residents of California" and took the Jeep to Hilltop for "substantial repair on at least one occasion." Dkt. No. 1-2 ¶¶ 2, 167. FCA has adduced car service records showing Hilltop was located in Richmond, California, and that the Boones provided a Richmond, California home address, and a California telephone number. *See* Dkt. No. 19-2. The Boones do not contest any of this, and dropped the citizenship issue altogether in their reply brief. *See* Dkt. No. 20. There is a "longstanding principle" that "the place where a person lives is taken to be his domicile until facts adduced establish the contrary," *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016), which the Boones have not done. This is enough to establish California citizenship for diversity jurisdiction.

**IT IS SO ORDERED.**

Dated: November 16, 2021

JAMES DONATO
United States District Judge